IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER SMITH                                                  PLAINTIFF

v.                                    CIVIL NO. 24-4050

MICHELLE KING,[1] Acting Commissioner
Social Security Administration                              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Christopher Smith, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current application for DIB on April 23, 2021, alleging an inability to work since December 30, 2020, due to common variable immunodeficiency (CVID), a torn disk, and depression. (Tr. 81, 198). An administrative telephonic hearing was held on January 26, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 30-63).

By written decision dated October 19, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12).

---

[1] Michelle King, has been appointed to serve as Acting Commissioner of the Social Security Administration, and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found Plaintiff had the following severe impairments: hypertension, obesity, degenerative disc disease, irritable bowel syndrome and CVID. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform less than light work as defined in 20 CFR 404.1567(b). Specifically, the claimant can lift, carry, push, and pull up to 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk and sit for 6 hours each in an 8-hour workday. The claimant can occasionally stoop, crouch, crawl, and kneel. The claimant cannot climb ladders, ropes, or scaffolds but can occasionally climb stairs and ramps. The claimant cannot work in proximity to unprotected heights and dangerous moving machinery. The claimant can occasionally operate foot controls. The claimant can tolerate occasional exposure to fumes, gases, vapors, dust, and other respiratory irritants as well as extremes in temperature and humidity.

(Tr. 14). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a sales associate, and other work as an electronics worker, a final inspector, and a hand packager. (Tr. 18-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on April 19, 2024. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 14, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ did not properly consider Plaintiff's subjective complaints; 2) The ALJ did not properly consider Plaintiff's RFC; and 3) The ALJ improperly found Plaintiff could perform other work. (ECF No. 14). Defendant argues the ALJ properly considered all the evidence, and that the decision is supported by substantial evidence. (ECF No. 16).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of non-examining agency medical consultants; Plaintiff's subjective complaints; and his medical records. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record, the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant).

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's

impairments did not preclude him from performing his past relevant work as a sales associate, and other work as an electronics worker, a final inspector, and a hand packager. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 6th day of February 2025.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE